Case 4:20-cv-01580   Document 21   Filed on 09/28/21 in TXSD   Page 1 of 20

United States District Court
Southern District of Texas
**ENTERED**
September 28, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEBORAH S.,[1] <br><br> *Plaintiff,* <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> *Defendant*. | No. 4:20-cv-1580 |

# MEMORANDUM AND ORDER

Plaintiff Deborah S. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act ("the Act").[2] The Parties filed cross-motions for summary judgment. ECF Nos. 17, 20. Based on the briefing

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] On August 24, 2020, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). ECF Nos. 3, 7.

1

and the record, the Court determines that Plaintiff's motion for summary judgment should be granted and Defendant's motion for summary judgment should be denied.

## I. BACKGROUND

Plaintiff is 56 years old, R. 19,[3] and completed high school. R. 19, 57. Plaintiff worked as a house worker. R. 19, 56. Plaintiff alleges a disability onset date of August 11, 2017. R. 12, 55, 70. Plaintiff claims she suffers both physical and mental impairments. R. 17, 59–60.

On October 3, 2017, Plaintiff filed her application for disability insurance benefits under Title II of the Act. R. 136–37. Plaintiff based[4] her application on rheumatoid arthritis, fibromyalgia, migraines, anxiety, depression, and panic attacks. R. 156. The Commissioner denied her claim initially, R. 101–05, and on reconsideration. R. 107–10.

A hearing was held before an Administrative Law Judge ("ALJ"). An attorney represented Plaintiff at the hearing. R. 50. Plaintiff and a vocational expert testified at the hearing. R. 51. The ALJ issued a decision denying Plaintiff's request for

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 10.

[4] The relevant time period is August 11, 2017—Plaintiff's alleged onset date—through December 31, 2017—Plaintiff's last insured date. R. 12. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during the relevant time frame. *See Williams v. Colvin,* 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000).

benefits.[5] R. 7–21. The Appeals Council denied Plaintiff's request for review, thus upholding the ALJ's decision to deny disability benefits. R. 1.

Plaintiff challenges the ALJ's analysis and asks the Court to find that Plaintiff is entitled to disability benefits under the provisions of the Act, or, in the alternative, remand for reconsideration of the evidence. Pl.'s MSJ Brief, ECF No. 16. Defendant counters, arguing that the ALJ's findings are proper and supported by substantial evidence. Def.'s Cross-MSJ, ECF No. 20; Def.'s Resp. to Pl.'s MSJ, ECF No. 20-1.

## II. STANDARD OF REVIEW

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a

---

[5] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step five. R. 21. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date through her date last insured ("DLI"). R. 12 (citing 20 C.F.R. 404.1571 *et seq.*). At step two, the ALJ found that Plaintiff has the following severe impairments: obesity, migraines, fibromyalgia, and depression. R. 12. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 14 (referencing 20 C.F.R. 404.1520(d), 404.1525, and 404.1526). The ALJ found that Plaintiff has the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR § 404.1567(b). R. 16. However, the ALJ included limitations, including that Plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday with normal breaks; could never climb any ladders, ropes, or scaffolds, but could occasionally climb ramps and stairs; could perform detailed tasks at a nonproduction rate pace; and could interact frequently with the public, coworkers, and supervisors. R. 16. At step four, the ALJ determined that through the DLI, Plaintiff was unable to perform any past relevant work. R. 19. At step five, based on the testimony of the vocational expert and a review of the report, the ALJ concluded that considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including garment sorter, mail sorter, and hand folder. R. 20. Therefore, the ALJ concluded that Plaintiff was not disabled. R. 21.

party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner …, with or without remanding the cause for a rehearing. The findings of the Commissioner … as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.*

Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza*, 219 F.3d at 393. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

### III.  BURDEN OF PROOF

An individual claiming entitlement to disability insurance benefits under the Act has the burden of proving her disability. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d) (1)(A) (2000). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3) (2000). The impairment must be so severe that the claimant is "incapable of engaging in any substantial gainful activity." *Foster v. Astrue*, No. H-08-2843, 2011 WL 5509475, at *6 (S.D. Tex. Nov. 10, 2011) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992)). A claimant is eligible for benefits only if the onset of the impairment started by the date the claimant was last insured. *Id.* (citing *Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990)).

The Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to the Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## IV. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT.

Plaintiff raises two issues. First, Plaintiff argues that the ALJ's assessment of the physical medical evidence is unsupported by substantial evidence and the RFC determination fails to adequately reflect Plaintiff's limitations. Pl.'s Brief in Support

of MSJ, ECF No. 17 at 10–16. Second, Plaintiff contends that the ALJ provided no analysis of Plaintiff's subjective complaints. *Id.* at 16–17. Defendant counters that the ALJ provided a supported evaluation of Plaintiff's impairments and their impact on her RFC, and that the ALJ properly considered Plaintiff's subjective complaints. ECF No. 20-1 at 4–10. The Court finds that although the ALJ considered the medical evidence, he substituted his opinion for the doctors' regarding Plaintiff's physical and mental impairments, requiring remand.

### A. The ALJ Is Required To Consider All Medical Opinions In The Record When Formulating The RFC.

Between the third and fourth steps of the sequential analysis, the ALJ must decide the claimant's RFC, which is defined as "the most the claimant can still do despite his [or her] physical and mental limitations . . . based on all relevant evidence in the claimant's record." *Winston v. Berryhill*, 755 F. App'x 395, 399 (5th Cir. 2018) (citation omitted). The RFC determination is the "sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1999)).

When making the RFC determination, the ALJ must consider all medical opinions contained in the record. *Id.*; 42 U.S.C. § 405(b)(1). The ALJ must "incorporate limitations into the RFC assessment that were most supported by the record." *Conner v. Saul*, No. 4:18-CV-657, 2020 WL4734995, at *8 (S.D. Tex. Aug 15, 2020) (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). As an

administrative factfinder, the ALJ is entitled to significant deference in deciding the appropriate weight to accord the various pieces of evidence in the record, including the credibility of medical experts and the weight to be accorded their opinions. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

> 1. *In determining Plaintiff's RFC, the ALJ found unpersuasive the only medical opinions in the record, all of which were given after Plaintiff's DLI.*

Plaintiff argues that the ALJ improperly evaluated the medical opinions of record and relied on his own assessment of Plaintiff's limitations when formulating his RFC determination. ECF No. 17 at 11–15. Plaintiff contends that had the ALJ properly evaluated the medical opinions, he would have limited Plaintiff to sedentary work and found Plaintiff disabled. *Id.* at 16.

Less than four months after the DLI, on April 18, 2018, Dr. Jo Ann Formby's performed a psychological consultative examination. R. 18. Dr. Formby opined that Plaintiff has adequate capacity to understand, carry out, and remember instructions (both complex and one-two step). R. 247 (4/18/2018). She further opined that Plaintiff likely has adequate ability to sustain concentration and persist in work-related activity at a reasonable pace. *Id.* Dr. Formby also stated that, due to reported anxiety, Plaintiff has difficulty maintaining effective social interaction on a consistent and independent basis, with supervisors, co-workers, and the public. *Id.* Finally, she found that Plaintiff is likely able to deal with normal pressures in a

competitive work setting. *Id.* In discounting this consulting examiner's ("CE") opinion, the ALJ determined that this psychological examination occurred after Plaintiff's DLI and was inconsistent with medical records during the relevant time period of August 11, 2017, the alleged onset date, and December 31, 2017, Plaintiff's DLI.[6] R. 18. The ALJ failed to point to any record evidence that was inconsistent with Dr. Formby's opinion. R. 18. Moreover, the ALJ discusses little to no medical evidence in his opinion, providing no analysis or reasoning to supporting his decision to discount Dr. Formby's opinion. *See Jackson v. Colvin,* 240 F. Supp.3d 593, 604 (E.D. Tex. 2017) (finding that where the ALJ failed to identify the medical evidence of record he believed was inconsistent with the medical opinion in the paragraph discounting the opinion or elsewhere, the decision was wholly unsupported by analysis or reasoning.).

The ALJ also found unpersuasive Dr. William Culver's internal medicine consultative examination, R. 18, which he performed six months after the DIL, on June 6, 2018. Dr. Culver opined that Plaintiff cannot perform all her activities of daily living, including maintaining a home, and that she should avoid walking or standing for long periods, working in extreme temperatures, climbing ladders or

---

[6] The ALJ wrote in his decision that Dr. Formby's examination occurred "prior to the date late insured." R. 18. As Dr. Formby's examination occurred four months after the expiration of Plaintiff's insurance, the ALJ meant to find Dr. Formby's medical opinion unpersuasive because it occurred after the DLI.

9

stairs, working off ground, lifting greater than ten pounds from floor to waist and thirty from waist to above. R. 253 (6/6/2018). Dr. Culver further opined that Plaintiff's primary issue is her fibromyalgia and that she fatigues quickly and therefore would have difficulty maintaining a home or employment. *Id.* In finding this CE's opinions unpersuasive, the ALJ again determined that the examination occurred after Plaintiff's DLI and was inconsistent with medical records during the relevant time period of August 11, 2017, the alleged onset date, and December 31, 2017, Plaintiff's DLI.[7] R. 18. Again, the ALJ failed to point to any record evidence that was inconsistent with Dr. Culver's opinion. R. 18. Moreover, because the ALJ discusses little to no medical evidence in his opinion, the Court finds no basis to support the ALJ's determination that Dr. Culver's opinion is unpersuasive. *See Jackson,* 240 F. Supp.3d at 604.

The ALJ further found unpersuasive the opinions of the state agency medical consultants ("SAMCs"). R. 18–19.[8] On June 18, 2018[9] and November 30, 2018,[10] respectively, the SAMCs opined that Plaintiff could lift or carry twenty pounds

---

[7] The ALJ wrote in his decision that Dr. Culver's examination occurred "prior to the date late insured." R. 18. As Dr. Culver's examination occurred six months after the expiration of Plaintiff's insurance, the ALJ meant to find Dr. Culver's medical opinion unpersuasive because it occurred after the DLI.

[8] The ALJ incorrectly refers to them as state agency medical examiners, but there is no evidence that these doctors examined the Plaintiff.

[9] This SAMC opinion was given before the initial determination on disability.

[10] This SAMC opinion was given before the reconsideration determination.

occasionally and ten pounds frequently, stand or walk for either five or six hours in an eight-hour workday, sit for six hours in an eight-hour workday, and push or pull an unlimited amount. R. 76 (6/18/18); R. 89 (11/30/18). In dismissing these opinions, the ALJ noted that the SAMCs did not consider any medical records generated or provided *after* the state agency reconsideration determination on December 11, 2018. R. 19. The Court agrees with Plaintiff's argument that the ALJ's reasoning for discounting the SAMCs' opinions is internally inconsistent. ECF No. 17 at 15. Despite discounting the opinions of Dr. Formby and Dr. Culver for allegedly considering evidence of Plaintiff's health after her DLI, the ALJ discounted the opinions of the SAMCs for not considering evidence of Plaintiff's health after her DLI. R. 18-19.

In discounting the SAMCs' opinions, the ALJ further held that a different interpretation of the earlier records justified a conclusion that was different from what the doctors concluded. R. 19. Again, the ALJ provided no explanation of what that different interpretation was or reference to any evidence supporting the interpretation. R. 19. Thus, the Court finds no analysis or reasoning to support the ALJ's determination that the SAMCs' opinions are unpersuasive. *See Jackson,* 240 F. Supp.3d at 604.

Finding the opinions of Dr. Formby, Dr. Culver, and the SAMCs to be unpersuasive, there were no other medical source opinions on which the ALJ relied

11

in formulating the RFC. Nonetheless, the ALJ concluded that the objective medical evidence supported the RFC determination. R. 19. Again, the ALJ referenced no records and discussed no objective medical evidence in making this conclusion, failing to provide analysis or reasoning for his determination. *See Jackson,* 240 F. Supp.3d at 604.

> 2. *The Commissioner orders consultative examinations when necessary to render an opinion.*

The Commissioner only orders consultative examinations when it is necessary to make a disability determination. The relevant regulations state that a consultative examination is useful to "try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [the ALJ] to make a determination or decision" on the claim. 20 C.F.R. § 404.1519a(b). An ALJ is not required to order a consultative examination if the facts do not warrant or suggest the need for it. *See Hardman v. Colvin*, 820 F.3d 142, 148 (5th Cir. 2016) ("A consultative examination is required . . . only if 'the record establishes that such an examination is *necessary* to enable the [ALJ] to make the disability decision.'" (quoting *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987))). Consultative examinations that do not shed light on Plaintiff's impairments during the period of disability do not accomplish their purpose for the disability process. *See* 20 C.F.R. § 404.1519b(c) ("[W]e will not purchase a consultative examination . . . when your insured status has expired and there is no possibility of establishing an onset date prior to the date your insured

status expired."); *Merrell v. Comm'r, Soc. Sec. Admin.*, No. 6:12CV393, 2013 WL 5496783, at *7 (E.D. Tex. Oct. 1, 2013) (finding that a consultative examination performed ten years after Plaintiff's DLI would not provide relevant information about Plaintiff's past mental status).

Here, the record establishes that the Commissioner ordered both the mental and physical consultative examinations. R. 72 (6/18/18); R. 243 (4/18/18); *see* 20 C.F.R. §§ 404.1519–404.1519a. Because the consultative examinations were ordered, the Commissioner implicitly determined that further medical opinions were necessary to make a disability determination. R. 72 (6/18/18) (noting that consultative examinations were required because "additional evidence [was] required to establish current severity of the individual's impairment(s)"); *see Hardman*, 820 F.3d at 148 ("A consultative examination is required . . . only if 'the record establishes that such an examination is *necessary* to enable the [ALJ] to make the disability decision.'" (quoting *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987))). Once the ALJ discounted both CE opinions, he did not have sufficient medical evidence on which to base his determination because the Commissioner previously determined that these opinions were necessary. R. 72 (6/18/18) (noting that consultative examinations were required because "the evidence as a whole, both medical and non-medical, [was] not sufficient to support a decision on the claim").

13

> 3. *The ALJ erred when he rejected the retrospective consultative medical opinions.*

The ALJ erred when he discounted the medical opinions of Dr. Formby and Dr. Culver because they occurred after Plaintiff's DLI. Medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI. *Beauchamp v. Colvin*, No. CIV.A. 14-01899, 2015 WL 7082506, at *4 (E.D. La. Nov. 13, 2015) (citing *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987)); *see Jackson*, 240 F. Supp. 3d at 604 (rejecting ALJ's finding that treating physician's opinion was unpersuasive because it occurred after Plaintiff's DLI). Evidence created after a claimant's DLI, which permits an inference of linkage between the claimant's post-DLI state of health and his or her pre-DLI condition, can be the "most cogent proof" of a claimant's pre-DLI disability. *Beauchamp*, 2015 WL 7082506, at *5 (quoting *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012)); *see also Loza*, 219 F.3d at 396 (noting that "[s]ubsequent medical evidence is [also] relevant . . . because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status"). The post-DLI evidence, however, must refer clearly to the relevant period of disability and not simply express an opinion to the claimant's current status. *Bellard v. Berryhill*, No. 2:16-CV-1711, 2018 WL 1005578, at *8 (W.D. La. Jan. 8, 2018).

Defendant argues that the ALJ properly discounted Dr. Formby's and Dr. Culver's opinions because they do not refer clearly to the relevant period of disability. ECF No. 20-1 at 8. Defendant points to the wording of Dr. Formby's and Dr. Culver's opinions, contending that they couch their evaluations in current terms. *Id.* The Court disagrees.

Significantly, the reason for the consultative examinations was not to treat Plaintiff for a current impairment, but to discuss and evaluate Plaintiff's medical history with records from the period of disability and make an assessment on Plaintiff's abilities for purposes of the disability process. R. 243 (4/18/18) (Dr. Formby's opinion noted that, "According to DARS/DDS[11] the evaluation was requested to help determine if she qualifies for disability benefits."); R. 249 (6/6/18) (Dr. Culver's report stated that, "[T]his examination was for the purpose of evaluation only, no treatment would be rendered, and no doctor/patient relationship would develop.").

Nor is this a case in which a significant amount of time elapsed between Plaintiff's DLI and the consultative examinations. To the contrary, the consultative examinations occurred within months of the expiration of Plaintiff's insurance.

---

[11] DARS means Department of Assistive and Rehabilitative Services; DDS means Disability Determination Services.

Dr. Formby's and Dr. Culver's examinations occurred four and six months after Plaintiff's DLI, respectively. R. 243 (4/18/18); R. 249 (6/6/18). The opinions also state that they are based on a review of the medical record and Plaintiff's history as recounted during the examination. R. 243 (4/18/18); R. 249 (6/6/18). Therefore, the Court finds Defendant's contention that Dr. Formby and Dr. Culver assessed Plaintiff's current impairments when formulating their opinions is without merit. The Court further finds sufficient connection between the CEs' opinions and the relevant period of disability.

4. *The ALJ improperly substituted his lay opinion for that of the medical experts.*

In formulating the RFC, the ALJ discounted all medical opinions in the record. Although the ALJ is generally tasked with weighing medical opinions and determining a plaintiff's RFC, *Taylor*, 706 F.3d at 602-03, "an ALJ may not—without opinions from medical experts—derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009) (citing *Ripley*, 67 F.3d at 557); *see also Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (warning an ALJ "must be careful not to succumb to the temptation to play doctor," as "lay intuitions about medical phenomena are often wrong") (quotations omitted). This is particularly true in questions of mental

16

impairment because "[d]etermining whether a claimant is disabled because of a mental condition under the … sequential process can be a difficult task." *Singletary*, 798 F.2d at 820. "Consequently, when the ALJ rejects the only medical opinions of record, interprets the raw medical data, and imposes a different RFC, the ALJ has committed reversible error." *Garcia v. Berryhill*, No. 17-CV-263, 2018 WL 1513688, at *2 (W.D. Tex. Mar. 27, 2018) (collecting cases); *accord Allen v. Saul*, No. 4:19-cv-1575, 2020 WL 5412630, at *7 (S.D. Tex. Sept. 9, 2020); *Beachum v. Berryhill*, No. 17-CV-95, 2018 WL 4560214, at *4 (W.D. Tex. Sept. 21, 2018).

Here, there were no other medical opinions the ALJ considered. In an opinion short on discussion of the medical records, the ALJ improperly substituted his opinion without reasoning and analysis for all four medical opinions to formulate an RFC. *See, e.g.*, *Allen*, 2020 WL 5412630, at *7 (remanding when the ALJ gave little weight to opinions of treating psychiatrists and partial weight to the SAMCs' who did not review the most recent records, thereby improperly interpreting the raw medical data to formulate the RFC); *Beachum*, 2018 WL 4560214, at *3–4 (noting that the ALJ, by her own admission, dismissed the medical consultant's opinion and thus improperly determined the RFC based on her lay opinion); *Garcia*, 2018 WL 1513688, at *3 ("[T]he ALJ rejected all opining physicians, credited no ascertainable portions of their opinions, cited raw medical data, and made judgments regarding Plaintiff's RFC.) (citation omitted).

"Accordingly, the Court can only conclude that the ALJ substituted his own judgment over the medical opinions of the physicians of record." *Garcia*, 2018 WL 1513688, at *3. Therefore, substantial evidence does not support the ALJ's RFC determination.

### B. The ALJ's Errors Harmed Plaintiff.

Reversal of an ALJ's decision is only warranted if the claimant shows that she was prejudiced by the ALJ's error. *Ripley*, 67 F.3d at 557. A claimant establishes prejudice by showing that the ALJ could have reached a different outcome but for the error in question. *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000). The ALJ rejected the opinions of Dr. Formby and Dr. Culver, who assigned significantly more RFC limitations than those the ALJ included. R. 247 (4/18/18); R. 253 (6/6/18). Had the ALJ properly considered the opinions of Dr. Formby and Dr. Culver, it is conceivable that the ALJ would have reached a different decision. Remand is both appropriate and necessary.

Because the Court finds that the ALJ committed harmful error when he rejected all medical opinions of record and formulated a RFC determination based on his own lay opinion, the Court declines to address Plaintiff's remaining arguments as alternative grounds for summary judgment.[12] *See, e.g.*, *McNickles v.*

---

[12] Plaintiff further contends that the ALJ failed to evaluate her medical record, explain its supportability and consistency, and articulate the facts why her symptoms are not supported by

18

*Thaler*, No. H-10-3493, 2012 WL 568069, 2012 WL 568069, at *5 (S.D. Tex. Feb. 21, 2012) (declining to address alternative summary judgment ground because respondent was already entitled to summary judgment).

On remand, the ALJ will be required to provide a full explanation of the basis for his determination. Under the new rule regarding RFC determinations, the ALJ is *required* to consider all medical opinions and prior administrative medical findings using specific factors: [13] (1) supportability; (2) consistency; (3) the physician's relationships with the claimant, which includes considering the length, purpose, and extent of the treatment relationship, the frequency of examinations, and the examining relationship; (4) the physician's specialization, and (5) other factors. 20 C.F.R. § 404.1520c(b). [14] The most important factors are consistency and supportability. *Id.; Garcia*, 2020 WL 7417380, at *4. Under the new guidelines, the ALJ *must articulate* how persuasive he finds each of the opinions in the record. 20 C.F.R. § 404.1520c(b).

---

objective evidence in the record. ECF No. 17 at 11–14. Plaintiff also argues that the ALJ completely disregarded her subjective complaints. ECF No. 17 at 16–17.

[13] For claims filed after March 27, 2017, the new guidelines no longer require the ALJ to defer or give any specific evidentiary weight to any medical opinion or prior administrative finding. 20 C.F.R. § 404.1520c(a); *Garcia v. Saul*, No. SA-19-CV-01307-ESC, 2020 WL 7417380, at *4 (W.D. Tex. Dec. 18, 2020) (explaining that despite new regulations, previous decisions are still relevant as supportability and consistency have always been the most important considerations.). Because Plaintiff's claim was filed on October 3, 2017, this new rule applies.

[14] Other factors include evidence that the medical source is familiar with the other evidence, or that the medical source understands the disability program's policies and evidentiary policies. *Id.*

## V. CONCLUSION.

The Court **GRANTS** Plaintiff's motion for summary judgment, ECF No. 16, and **DENIES** the Commissioner's motion for summary judgment, ECF No. 20. The Commissioner's decision denying Plaintiff benefits is **VACATED**. This matter is **REMANDED** to the Commissioner for further proceedings. This case is **DISMISSED**.

**SIGNED** at Houston, Texas, on September 28, 2021.

*Dena Palermo*

**Dena Hanovice Palermo**
**United States Magistrate Judge**